IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES H. ANDERSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 115-161 |
| ) | |
| SENTINEL OFFENDER SERVICES, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently detained at the Charles B. Webster Detention Center in Augusta, Georgia, has submitted a complaint for filing and seeks to proceed *in forma pauperis* ("IFP"). In an Order dated October 8, 2015, the Court explained that upon review of Plaintiff's filings, it was unclear whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1983, or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (See doc. no. 3.) The Court also explained that because it was unclear whether Plaintiff intends to proceed with a habeas corpus case or § 1983 civil rights case, it was also unclear whether Plaintiff, through his IFP motion (doc. no. 2), was contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint. Thus, the Court afforded Plaintiff fourteen days to inform the Court by a written filing whether he intends to proceed with a civil rights complaint or a habeas corpus petition. The Court cautioned Plaintiff that failure to comply with the terms of the Order could result in a

recommendation that this case be dismissed.

Instead of responding as instructed in the October 8th Order, Plaintiff filed an unsigned document on October 15, 2015, that again referenced both a request for monetary relief for alleged civil rights violations under 42 U.S.C. § 1983 and habeas corpus relief, for "time served," under 28 U.S.C. § 2254. (See doc. no. 4.) Additionally, the filing referenced multiple criminal cases even though the Court explained in its October 8th Order that the rules governing habeas corpus cases require separate petitions to challenge judgments of separate courts. (Doc. no. 3, p. 2 (citing Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254)). Given the deficiencies with the October 15th filing, the Court granted Plaintiff an extension until October 26, 2015 to comply with the instructions in the October 8th Order to inform the Court whether he seeks to vindicate alleged violations of his civil rights pursuant to § 1983, or whether he seeks habeas corpus relief under § 2254 in the form of his immediate release from custody. (See doc. no. 6.) The Court also specifically cautioned Plaintiff that he may not pursue both types of relief in one case. (Id. at 2.) The Court also again warned Plaintiff that failure to follow the Court's instructions would result in a recommendation for dismissal of this case. (Id. at 3.)

Plaintiff did not respond to the Court's Order allowing him another opportunity to identify the type of case he wants to pursue. He did, however, file two additional civil actions in this Court: Anderson v. Richmond County Jail, CV 115-168 (S.D. Ga. Oct. 19, 2015) and Anderson v. Charles B. Webster Detention Center, CV 115-172 (S.D. Ga. Oct. 27, 2015). Both of those cases appear to set forth the same statement of claim and seek the same relief. The Court granted Plaintiff permission to proceed IFP in CV 115-168, subject to returning the Consent to Collection of Fees form and Prisoner Trust Fund Account

2

Statement. CV 115-168, doc. no. 3. Problematically, however, Plaintiff's refusal to respond as instructed in the instant case leaves the Court faced with the prospect of a stagnant case that cannot move forward.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court twice ordered Plaintiff to make a selection as to whether he sought to pursue monetary relief under § 1983 or immediate release from incarceration via a habeas corpus petition, and the Court told Plaintiff he could not seek relief under both statutes in the same case. (Doc. nos. 3, 6.) The Court also explained to Plaintiff the difference between a §

3

1983 civil rights case and a habeas corpus case. (Doc. no. 3, p. 2.) Furthermore, the Court twice warned Plaintiff that failing to make an election as to the type of case he intends to pursue would result in a recommendation for dismissal of this case without prejudice. (See id. at 3; doc. no. 6, p. 3.) Plaintiff refuses to make the required selection as to the type of case he intends to pursue. In any event, it appears as though Plaintiff has abandoned this case in favor of the aforementioned civil actions he filed, CV 115-168 and CV 115-172.

Plaintiff's failure to comply with the terms of the Court's Orders amounts not only to a failure to prosecute, but also an abandonment of his case. This Court will not allow a case to languish on its docket because a litigant fails to comply with the most basic instructions for informing the Court what type of case he intends to pursue. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, as noted above, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it. See Mobin v. Mobin, No. 15-11439, slip op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

4

refused to comply with multiple court instructions to select civil rights or habeas corpus relief).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed IFP be **DENIED** as **MOOT** (doc. no. 2) and that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 3rd day of November, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA