IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES H. ANDERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-161 |
| | ) | |
| SENTINEL OFFENDER SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 10). The Magistrate Judge recommended dismissing this case because Plaintiff twice failed to respond properly to orders of the Court directing him to make a selection to proceed with a civil rights case under 42 U.S.C. § 1983 or with a habeas corpus case under 28 U.S.C. § 2254. (See doc. nos. 3, 6.) Rather, he filed non-responsive, unsigned documents in this case,[1] (doc. nos. 4, 5), as well as two additional civil actions in this Court that suggested he had abandoned the above-captioned case: Anderson v. Richmond County Jail, CV 115-168 (S.D. Ga. Oct. 19, 2015) and Anderson v. Charles B. Webster Detention Center, CV 115-172 (S.D. Ga. Oct. 27, 2015).

---

[1]When the Clerk's Office sent Plaintiff a deficiency notice instructing him to return corrected documents within fourteen days, (doc. no. 7), Plaintiff also failed to respond.

When faced with a recommendation for dismissal in this case, Plaintiff decided to swing into action. In a document entitled "Objection to Dismissal," Plaintiff purports to inform the Court that he has now decided, nearly one month after he was instructed to make a selection, that he intends to pursue a civil rights case pursuant to § 1983. The handwriting and signature on this document does not match the handwriting and signature on the original complaint filed on October 7, 2015. (Compare doc. no. 10 with doc. no. 1.) The Magistrate Judge also noted the dissimilarity in handwriting of multiple documents filed in this case. (See doc. no. 6, p. 2 n.1.) However, the Court need not base its decision on the mismatched handwriting evident in this case.

Even assuming Plaintiff filed the "Objection of Dismissal," nothing in that document convinces the Court that dismissal of this case is improper. First, Plaintiff ignored the Court's deadline for making a selection as to the type of case he intended to pursue and only submitted his selection after the recommendation for dismissal had been made, a point well past the original deadline. Yet, without explanation, Plaintiff was able to prepare his objection to the Magistrate Judge's recommendation for dismissal within two days of its issuance. (See doc. no. 10, dated Nov. 5, 2015.) The Court gave Plaintiff fourteen days to make a selection on case type, he failed to comply with the Court's timeline, and dismissal is appropriate. See Worthy v. Ga. Dep't of Human Res., No. 2:05-cv-214, 2006 WL 91538, at *1 (S.D. Ga. Jan. 13, 2006) (Alaimo, J.) (dismissing case for failing to comply with order to amend complaint within ten days).

Second, Plaintiff's response does not acknowledge, as did the Magistrate Judge, that Plaintiff has another pending civil rights case in this Court challenging issues related to the

2

probation he claims was completed prior to his recent May 27, 2015 sentencing in the state courts. See Anderson, CV 115-168. Plaintiff has already been granted permission to proceed *in forma pauperis* in that case. Id., doc. no. 3. Thus, if Plaintiff has civil rights claims related to the imposition and/or termination of his probation that he believes improperly impacted his sentencing on May 27, 2015, he has a pending civil rights case in which he may attempt to bring all such related claims.

Even if Plaintiff wanted to be responsible for two, $350.00 filing fees so that he could proceed in two separate cases regarding his probation, the dismissal in this case is without prejudice. Thus, Plaintiff is not prohibited from attempting to raise his related claims in his other pending case or from raising his claims in a subsequently filed lawsuit. Therefore, the Court **OVERRULES** Plaintiff's objection.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** as **MOOT** the motion to proceed *in forma pauperis*, (doc. no. 2), **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 23rd day of November, 2015, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3